FILED
2018 Oct-19 PM 04:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **FEDERAL HOME LOAN MORTGAGE CORPORATION,** | }<br>}<br>} |
| **Plaintiff,** | }<br>} |
| v. | Case No.: 2:18-cv-01210-RDP<br>}<br>} |
| **LAURIE ANN McGOUGH, et al.,** | }<br>} |
| **Defendants,** | }<br>} |
| v. | }<br>} |
| **FEDERAL HOME LOAN MORTGAGE CORPORATION, et al.,** | }<br>}<br>} |
| **Counter-Defendants.** | } |

## **MEMORANDUM OPINION**

This case is before the court on Counter-Defendants' Motions to Dismiss Counter-Plaintiff McGough's Amended Answer and Counterclaims for failure to state a claim. (Docs. # 20, 22). After careful review of the claims (Doc. # 10), the court finds that it is a classic example of a shotgun pleading. The Eleventh Circuit has repeatedly stated that such pleadings "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997). As such, the Motions to Dismiss are denied and Counter-Plaintiff McGough's Amended Answer and Counterclaims is due to be replead.

1

**I.     Background**

Following foreclosure on Counter-Plaintiff McGough's home on March 7, 2018, Counter-Defendant Federal Home Loan Mortgage Company ("FHLMC") filed a Complaint in the Circuit Court of Jefferson County on April 17, 2018, seeking possession of the property. (Docs. # 20, 22 at ¶¶ 1-2). FHLMC alleged that McGough (1) had lost the right of redemption and, (2) after receiving a Notice to Vacate, had refused to leave the property. (*Id.* at ¶ 2).

In response, Counter-Plaintiff filed an Answer and Counterclaim on June 19, 2018. (*Id.* at ¶ 5). After FHLMC removed the case to federal court on August 1, 2018, McGough filed an Amended Answer and Counterclaim on August 30, 2018 asserting 21 claims against Counter-Defendant FHLMC and third-party Defendant New Penn Financial ("New Penn"). (*Id.* at ¶ 7, 10). The pleading includes the following claims: (1) negligence; (2) wantonness; (3) unjust enrichment; (4) wrongful foreclosure; (5) slander of title; (6) negligent and/or wanton hiring, supervision, and/or training; (7) intentional and/or malicious conduct; (8) invasion of privacy; (9) violations of the Real Estate Settlement Procedures Act; (10) violations of the Truth in Lending Act; (11)-(20) violations of the Fair Debt Collection Practices Act; and (21) breach of contract. (Doc. # 10).

The crux of these claims is that FHLMC and New Penn, allegedly acting together and along with their agents and employees, concocted a plan to improperly foreclose on McGough's home. (*Id.* at ¶¶ 172-183). As a result, she asserts that the foreclosure is void. (*Id.*).

**II.    Analysis**

The Amended Answer and Counterclaims (Doc. # 10) represents a morass of conflicting facts and unsubstantiated theories, making it nearly impossible for the court (not to mention the Defendants) to parse out the most basic information surrounding Counter-Plaintiff's mortgage. Federal Rule of Civil Procedure 8 requires a plaintiff to plead "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Together, the Amended Answer and Counterclaims runs 56 pages in length detailing 326 paragraphs of allegations—"it is neither 'short' nor 'plain.'" *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018).

The Eleventh Circuit has identified four types of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (footnotes omitted). District courts retain the authority to dismiss complaints on shotgun pleading grounds. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). But, the court must grant a plaintiff at least one chance to remedy such shotgun pleading deficiencies *sua sponte* before dismissing an action on shotgun pleading grounds. *Id.* "In these cases, even if the parties do not request it, the district court 'should strike the complaint and instruct counsel to replead the case—if counsel [can] in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Id.* (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1133 n. 113 (11th Cir. 2001)).

The court finds it necessary to require McGough to replead. Here, Counter-Plaintiff's pleading is guilty of a "type two" shotgun pleading offense in that it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*,

792 F.3d at 1321-23. The foundational flaw in Counter-Plaintiff's pleading is she has failed to define the relationship between FHLMC and New Penn and those entities' respective roles prior to foreclosure. She states repeatedly that FHLMC and New Penn are agents of each other that acted in the line and scope of the agency relationship between them. (Doc. # 10 at ¶ 7, 183). However, she has not specifically identified FHLMC's role in her mortgage prior to its purchase of her home in the foreclosure sale. As currently stated, it is impossible to analyze her counterclaims since it is unclear which parties were involved at each stage of the foreclosure process. Thus, the appropriate remedy is to require Counter-Plaintiff McGough to replead if she wishes to proceed with her counterclaims. *Vibe Micro, Inc.*, 878 F.3d at 1295.

### III. Conclusion

For the reasons explained above, the Motions to Dismiss (Doc. # 20, 22) are due to be denied. Counter-Plaintiff will be required to replead in order to remedy the deficiencies identified in this Memorandum Opinion. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this October 19, 2018.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE